UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT DAVID BISKNER,

    Petitioner,

v.                                                 Case No. 2:10-cv-220
                                                  HON. R. ALLAN EDGAR

CATHERINE S. BAUMAN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Scott David Biskner filed this petition for writ of habeas corpus challenging his conviction for first-degree home invasion. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. The petition asserts the following claims:

> I. Petitioner was deprived of his constitutional right to the effective assistance of counsel where trial counsel failed to request the lessor-included instruction and failed to object to prosecutorial misconduct.
>
> II. Petitioner was deprived of his constitutional right to due process of law where the prosecution failed to present evidence sufficient to sustain the conviction.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state

conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the

habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner alleges that he received ineffective assistance of counsel when counsel failed to request a misdemeanor instruction on home invasion and failed to object to prosecutorial misconduct. The Michigan Court of Appeals rejected both claims stating:

> This Court recently reiterated that "[d]efense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, ___; ___ NW2d ___ (2008). Here, we conclude that counsel's decision not to offer an instruction on misdemeanor home invasion was a reasonable trial strategy because the instruction could have reduced defendant's chance for an acquittal on the home invasion charge. See *People v Robinson*, 154 Mich App 92, 94; 397 NW2d 229 (1986). In part, defense counsel argued that defendant

> should be acquitted of the home invasion charge because he had permission to enter the garage. To have offered a jury instruction on the offense of misdemeanor home invasion would have contradicted defendant's theory that he had permission to enter the garage. We will not second-guess counsel's trial strategy. *People v Stewart*, 219 Mich App 38, 42; 555 NW2d 715 (1996).
>
> Similarly, we find no error requiring reversal with regard to counsel's lack of objection to the prosecutor's conduct. As plaintiff acknowledges on appeal, the questioning and closing argument was improper to the extent that the prosecutor sought to have witnesses testify regarding other witnesses' credibility. *People v Ackerman*, 274 Mich App 434, 449; 669 NW2d 818 (2003). While we do not condone the prosecutor's technique, we find that the questioning addressed primarily tangential matters and was in part a response to defense counsel's cross-examination of the victim. On balance, defendant has not shown that the outcome of the trial would have been different absent the prosecutor's improper conduct. See *People v Knapp*, 244 Mich App 361, 386; 624 NW2d 227 (2001).

Michigan Court of Appeals' Opinion, Docket #16, at 2. The Michigan Supreme Court denied leave to appeal after first remanding the case to the trial court for a *Ginther* hearing and obtaining the *Ginther* hearing transcript.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also*

*Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Petitioner's trial counsel clearly indicated that she had considered asking for the lesser offense instruction, but decided that since Petitioner was claiming self-defense in the physical confrontation, it would be bad trial strategy to ask for the misdemeanor home invasion instruction as an alternative instruction when the defense was a claim of innocence. Counsel explained:

> Well, in order to claim self-defense, a defendant has to have – has to be in a situation where they haven't committed a wrong, so if you were to say that Mr. Biskner entered the property illegally, then in my opinion that would eliminate the ability to claim self-defense on the assault charge. So in my opinion the best strategy was to use the defenses that we had – that I had put forth because that gave him the best possibility of an acquittal on both charges.

Hearing transcript, Docket #17, at 8. In the opinion of the undersigned, Petitioner has failed to show that counsel was ineffective on this issue.

Petitioner also claims that his counsel's failure to object to prosecutorial misconduct was ineffective assistance of counsel. The Michigan Court of Appeals concluded that the prosecutor committed error in having a witness comment about the credibility of another witness. The court found no prejudice to Petitioner. Petitioner argues that counsel should have objected to the prosecutor's questions and argument. The prosecutor asked two of the teenage girl witnesses, Monique and Justine, who were present at the time of Petitioner's acts, whether a police office was

lying when he had relayed information that Monique was supposed to spend the night at Justine's house and attend a party the next day. The prosecutor also made a comment during argument: "Might actually be the most gifted time in a liar's career when they're young." Trial transcript, Vol. II, docket #12, at 172-173. Petitioner claims that these comments denied him a fair trial.

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). Petitioner has not shown how these isolated remarks denied him a fair trial.

Further, in the opinion of the undersigned, it was not ineffective assistance of counsel to fail to object to the prosecutor's questions and comments. The record reveals that Petitioner received effective assistance of counsel, and in fact, was acquitted of assault with intent to cause great bodily harm. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that the evidence was insufficient to convict him of first-degree home invasion. The Michigan Court of Appeals rejected that claim finding that the testimony established that the victim was in his own garage and that Petitioner entered the garage without permission and assaulted the victim. Petitioner argues that the court must look at all the evidence and weigh the evidence to come to the conclusion that he could not be guilty of this crime. That, however, is not the standard of review in this court.

A conviction is supported by sufficient evidence if, when "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker v. Palmer,* 541 F.3d 652, 656 (6th Cir.2008) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)). In a habeas proceeding, however, the court cannot simply conduct a de novo review of the state court's application of that rule, but must review its sufficiency-of-the-evidence decision under the highly deferential standard of AEDPA. Petitioner can be granted habeas relief only if the Michigan Court of Appeals unreasonably applied the *Jackson* standard. *See Getsy v. Mitchell,* 495 F.3d 295, 315-16 (6th Cir.2007) (en banc) (whether the petitioner is entitled to habeas relief ultimately depends on whether the state court's denial was based on an unreasonable application of clearly established federal law regarding the sufficiency of the evidence.). The court's task is "to determine whether it was objectively unreasonable for the state court to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that Petitioner

committed the essential element of the crimes charged beyond a reasonable doubt. *See Nash v. Eberlin,* 258 Fed. Appx. 761, 765 (6th Cir.2007).

When reviewing whether the state court's determination was "objectively unreasonable," the court must engage in a two-step analysis. First, the court must ask whether the evidence itself was sufficient to convict under *Jackson*. The inquiry ends if it is determined that there was sufficient evidence to convict Petitioner. If the court finds that the evidence is insufficient to convict, it must then apply AEDPA deference and ask whether the state court was "objectively unreasonable" in concluding that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. *Id.* The law therefore "commands deference at two levels." *Tucker,* 541 F.3d at 656.

It is clear that there was sufficient evidence presented to support the conviction. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2013