UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SCOTT DAVID BISKNER,

      Petitioner,               Case No. 2:10-cv-220

v.                                      Honorable R. Allan Edgar

CATHERINE S. BAUMAN,

      Respondent.
_____/

**MEMORANDUM AND ORDER**

On May 30, 2013, U.S. Magistrate Judge Greeley entered a Report and Recommendation ("R&R") recommending that Petitioner's § 2254 habeas petition be dismissed with prejudice. Doc. No. 19. Petitioner has filed objections to the R&R. Doc. No. 20. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner was convicted of first-degree home invasion, and was acquitted of an assault charge in state court. In his objections, Petitioner asserts that Magistrate Judge Greeley incorrectly found that Petitioner had not established ineffective assistance of counsel. Petitioner argues that his counsel was ineffective for failing to request a misdemeanor home invasion instruction. Petitioner asserts that his trial counsel misunderstood Michigan law and mistakenly believed that Petitioner had to be completely

blameless in order to assert a defense of self-defense on the assault charge; and that mistaken view of the law led her to make the decision to fail to request the misdemmeanor home invasion instruction. Petitioner bases this argument on the following statement made by his trial counsel at the *Ginther* hearing:

> Well, in order to claim self-defense, a defendant has to have – has to be in a situation where they haven't committed a wrong, so if you were to say that Mr. Biskner entered the property illegally, then in my opinion that would eliminate the ability to claim self-defense on the assault charge. So in my opinion the best strategy was to use the defense that we had – that I put forth because that gave him the best possibility of an acquittal on both charges.

*Ginther* hearing, Doc. No. 17, p. 8. Petitioner asserts that, even if he had entered the property illegally, the law in Michigan would still allow him to assert a defense of self-defense as long as he was not the initial aggressor. Regardless of whether trial counsel's understanding of the defense of self-defense was correct, she explained that her opinion was that the best strategy to obtain an acquittal on both charges involved the defenses that she used, not the defense of self-defense. Petitioner's trial counsel noted that Petitioner had the following defense as to the home invasion charge: "Mr. Biskner had contended that he had had permission to enter the home, so that was the defense as to that charge, that he had entered with permission." *Id.*, p. 6. As the Michigan Court of Appeals explained:

> This Court recently reiterated that "[d]efense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v. Unger*, 278 Mich. App. 210, __; __ NW2d __ (2008). Here, we conclude that counsel's decision not to offer an instruction on misdemeanor home invasion was a reasonable trial strategy because the instruction could have reduced defendant's chance for an acquittal on the home invasion charge. *See People v. Robinson*, 154 Mich App 92, 94; 397 NW2d 229 (1986). In part, defense counsel argued that defendant should be acquitted of the home invasion charge

2

> because he had permission to enter the garage. To have offered a jury instruction on the offense of misdemeanor home invasion would have contradicted defendant's theory that he had permission to enter the garage. We will not second-guess counsel's trial strategy. *People v. Stewart*, 219 Mich App. 38, 42; 555 NW2d 715 (1996).

Doc. No. 16, p. 2. The Court does not find trial counsel's trial strategy, in not requesting the lesser misdemeanor instruction, to fall below an objective standard of reasonableness. Requesting the jury be instructed that Petitioner had invaded the home, to a lesser degree, would have contradicted the defense that Petitioner had permission to enter. A decision not to request such an instruction was a permissible exercise of trial strategy. *See Tinsley v. Million*, 399 F.3d 796, 808 (6th Cir. 2005) (in a murder case, "it was a permissible exercise of trial strategy not to request these [lesser offense] instructions given that [counsel's] primary line of defense was that [petitioner] was not the shooter."). The Court agrees with Magistrate Judge Greeley that Petitioner has failed to show that his trial counsel was ineffective on this issue.

Petitioner next argues that Magistrate Judge Greeley erred in concluding that there was sufficient evidence to convict Petitioner of first-degree home invasion. After reviewing the record, the Court agrees with Magistrate Judge Greeley's analysis of this issue. Finally, Petitioner asserts that Magistrate Judge Greeley erred in concluding that his trial counsel was not ineffective for failing to object to the prosecutor's misconduct throughout trial. The Court also agrees with Magistrate Judge Greeley's analysis of this issue.

Petitioner's objections to the R&R [Doc. No. 20] are without merit and are DENIED. Magistrate Judge Greeley's R&R [Doc. No. 19] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b).

The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE.

If Petitioner files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484.  Reasonable jurists could not find that this decision to dismiss Petitioner's claims is debatable or wrong.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.

Dated: 9/27/2013                    */s/ R. Allan Edgar*
                                    R. Allan Edgar
                                    United States District Judge